**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JUSTIN COOKE,

        Plaintiff,

v.

BOROUGH OF KEANSBURG, et al.,

        Defendants.

Civil Action No. 14-6798 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on two motions. Plaintiff Justin Cooke ("Cooke"), proceeding pro se, moves for default judgement against Defendants Borough of Keansburg, Borough of Keansburg Police Department, Keansburg Police Department Street Crimes Unit, Keansburg Municipal Court, James Pigott, Christopher Rogan, Jason Lopez, Joseph Pennacchia, Gerald Massell, Michael Pugliese, and Thomas Foley ("Defendants") pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, following the Clerk's entry of default (ECF No. 6). (ECF No. 7.) Defendants move to vacate and set aside the entry of default entered against all Defendants pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. (ECF No. 9.) Cooke opposed Defendants' motion and requested sanctions for Defendants' violation of Local Civil Rule 5.2. (ECF No. 10.) Defendants replied (ECF No. 11), and Cooke submitted an improper sur-reply (ECF No. 13) and correspondence dated August 18, 2015 (ECF No. 14).[1] The Court has carefully

---

[1] Per Local Civil Rule 7.1(d)(6), sur-replies are not permitted unless leave is granted by the Judge to whom the case is assigned. It is in the Court's discretion to disregard any sur-reply submitted without the permission of the Court, and permission is generally denied where the record and prior submissions are deemed sufficient. Cooke did not seek permission, and the Court did not give

considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Cooke's motion for default judgment is denied, and Defendants' motion to vacate the entry of default is granted.

I. **Background**

This is an action for civil rights violations arising from a May 8, 2014, interaction between Cooke and police officers from the Borough of Keansburg Police Department. According to Cooke's allegations, Officers Christopher Rogan and Jason Lopez stopped him and a friend when they were crossing a street to attend a birthday party at a friend's house. (Compl. ¶¶ 15-17, ECF No. 1.) Cooke alleges that the Officers Rogan and Lopez informed him he was not free to leave and was being stopped on suspicion of arson and narcotics trafficking. (*Id.* ¶¶17-18.) Cooke further alleges that because Cooke had dreadlocks, Officer Lopez believed he was in possession of marijuana. (*Id.*) Cooke informed the Officers that he would not consent to a search and would not answer any questions without a lawyer. (*Id.* ¶ 19.) Cooke alleges that Officer Rogan proceeded to search him and removed "an item alleged to be a glass smoking pipe and 0.77 grams of marijuana." (*Id.* ¶ 21.) In response, Cooke presented the Officers with his Colorado Driver's License and Colorado Medical Marijuana Patient License; Cooke was placed under arrest, transported to the Borough of Keansburg Police Department, and charged with Possession of Marijuana under 50 grams, N.J.S.A. 2C:35-10A(4), Possession of Drug Paraphernalia, N.J.S.A. 2C:36-2, and issued a traffic summons for Walking in Roadway, N.J.S.A. 39:4-34. (*Id.* ¶¶ 22, 24.) Cooke further alleges that despite appearing before Municipal Judge Michael Pugliese and Prosecutor Gerald Massell and pleading not guilty to all charges and seeking their dismissal,

---

permission for these documents to be filed. Furthermore, these submissions are not necessary as the prior record before the Court is sufficient to decide the motions. Thus, the Court will not consider them.

"Massell and Pugliese have conspired to violate Cooke's rights by refusing to dismiss the case." (*Id.* ¶ 27.)

Cooke brings seven counts against Defendants: (1) Violation of 42 U.S.C. § 1983: Arrest; (2) Violation of 42 U.S.C. § 1983: Equal Protection; (3) Violation of 42 U.S.C. § 1983: Right to Travel; (4) Violation of 42 U.S.C. § 1983: Full Faith and Credit Clause; (5) Violation of 42 U.S.C. § 1983: Due Process Clause; (6) Violation of 42 U.S.C. § 1983: Commerce Clause; and (7) Violation of 42 U.S.C. § 1985: Conspiracy to Impede, Hinder, Obstruct, or Defeat the Due Course of Justice. (*See generally* Compl.) Cooke seeks "injunctive and declaratory relief that the policies, practices and/or customs [as described in the Complaint] violate the Fourth and Fourteenth Amendments and an injunction disbanding the Street Crimes Unit of the Keansburg Police Police [sic] Department and enjoining Defendants from continuing such unconstitutional policies, practices and/or customs." (*Id.* at 2.) Cooke further seeks compensatory and punitive damages. (*Id.*)

On February 27, 2015, the United States Marshals Service effected service on all Defendants. (ECF No. 6-1.) On March 24, 2015, Cooke requested that the Clerk enter default against Defendants for failing to plead or otherwise defend the action pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (ECF No. 6.) The Clerk entered default against all Defendants on the same date. On April 23, 2015, Cooke filed his motion sub judice for default judgment (ECF No. 7), and the following day Defendants filed their motion to vacate default (ECF No. 9).

II.     **Legal Standard**

Motions to enter default judgment and vacate default are both governed by Rule 55 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 55(a), (c). Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The decision to

3

vacate a default is left to the sound discretion of the district court. When deciding whether to vacate default, however, the court must consider three factors: (1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *See Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982); *see also United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). "There is a distinction between a default standing alone and a default judgment. . . . Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." *Feliciano*, 691 F.2d at 656. Where there is a close case, the Third Circuit has instructed that it "should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983) (citing *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)).

## III. Analysis

Defendants argue that default should be vacated because: (1) Cooke has not been prejudiced because Defendants' delay in filing a responsive pleading was minimal; (2) Defendants have meritorious defenses, such as the fugitive disentitlement doctrine, immunity, abstention, constitutional issues, and legally unsupported claims; and (3) there was no culpable conduct on the part of Defendants that caused the delay because they were prudently seeking insurance coverage for the matter. (Defs.' Moving Br. 4-6, ECF No. 9-1.)

In response, Cooke argues that he will suffer prejudice if Defendants' motion is granted because Defendants will be able to continue their unlawful conduct and his travel to New Jersey will be impacted. (Pl.'s Opp'n Br. 4, ECF No. 10.) "Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening a default judgment entered at an early stage of the proceeding." *Feliciano*, 691 F.2d at 656-57 (discussing

4

vacating a default judgment, not just an entry of default). The Third Circuit has found that such things as "loss of available evidence" or "increased potential for fraud or collusion" could support a finding of prejudice. *Id.* at 657. Here, Cooke has not suggested that he has any inability to pursue his claims against Defendants. Since there is nothing in the record to support a claim of prejudice justifying denial of the relief Defendants seek, the first factor weighs in favor of Defendants.

As to Defendants' asserted meritorious defenses, Cooke argues that "Defendants have not even alleged a basis for, let alone submitted evidence of a meritorious defense." (Pl.'s Opp'n Br. 2.) Cooke further disagrees with multiple facts Defendants assert in support of their motion and alleged meritorious defenses. (*Id.* at 2-4.) In support of their motion to vacate, Defendants submitted a proposed motion to dismiss Plaintiff's Complaint based on abstention principles and for failure to state a claim. (Verification of Richard P. Cushing ("Cushing Verification"), Exs. E, F, ECF No. 9-2.) Assertion of a meritorious defense "is accomplished when allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (internal quotation marks omitted). On a motion to vacate default, however, "the Court 'need not decide the legal issue at this time; it is sufficient that [defendants'] proffered defense is not facially unmeritorious.'" *NuMed Rehab., Inc. v. TNS Nursing Homes of Pa., Inc.*, 187 F.R.D. 222, 224 (E.D. Pa. 1999) (quoting *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73-74 (3d Cir. 1987)).

Here, the Court is satisfied that Defendants have made a sufficient showing of a meritorious defense to Cooke's claims through their proposed motion to dismiss. First, Defendants assert a factual defense to some of Cooke's claim regarding the interaction that occurred between Cooke and the Officers that led to his search and arrest. Next, Defendants also reasonably assert that

5

some of Cooke's constitutional claims are misplaced and are not supported by the protections guaranteed by the United States Constitution. Additionally, Defendants assert that prosecutorial and judicial immunity apply to certain defendants to bar Cooke's claims. At this stage the Court is by no means finding that Defendants will prevail on these defenses. Instead, the Court finds that Defendants have made a sufficient showing to justify vacating default such that this factor weighs in favor of Defendants.

Cooke additionally argues that Defendants' conduct is culpable because their default was willful—"Defendants failed to communicate with the court in any way and even when they retained a lawyer" and "Defendants never bothered to contact the court or the plaintiff to seek an extension." (Pl.'s Opp'n Br. 2, 4.) "In this context culpable conduct means actions taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983) (citing *Feliciano*, 691 F.2d at 657). Here, Defendants' filing of a responsive pleading was only a few days late under the Federal Rules of Civil Procedure before Cooke filed for the entry of default. Although the Court does not find Defendants' failure to file a responsive pleading within the twenty-one day period to constitute willful conduct, the Court cautions Defendants that in the future they should take reasonable steps to secure an extension either through consent from their adversary or the Court. Therefore, because Defendants' conduct was not culpable, the third factor weighs in favor of Defendants.

Accordingly, the Court will grant Defendants' motion to vacate the entry of default, and Defendants have fourteen (14) days to file a responsive pleading.

## IV. <u>Rule 11 Sanctions</u>

In his opposition brief, Cooke requests sanctions against Defendants and defense counsel for violating "Rule 5.2"—publishing his full social security number on the PACER system without

6

proper redactions. (Pl.'s Opp'n Br. 2.) Rule 5.2 of the Federal Rules of Civil Procedure requires that in any filing, electronic or paper, a party may include only "the last four digits of the social-security number." Fed. R. Civ. P. 5.2(a)(1). Additionally, Local Civil Rule 5.2 requires that all parties adhere to the procedures promulgated by this District when electronically filing documents. L. Civ. R. 5.2. This District's Electronic Case Filing Policies and Procedures specifically states: "As the public may access case information through the PACER system, sensitive information should not be included in any document filed unless the Court orders otherwise. As required under Federal Rule of Civil Procedure 5.2(a) . . . when making any electronic or Paper Filing with the Court that contains an individual's Social-Security number . . . a party or nonparty making the filing may include only . . . the last four digits of the Social-Security number." L. Civ. R. 5.2(17). Parties are expressly cautioned within the Local Civil Rules "that failure to redact personal identifiers in a document filed with the Court may subject them to the full disciplinary and remedial power of the Court, including sanctions pursuant to Federal Rules of Civil Procedure 11." *Id.* Sanctions sought under Rule 11, however, must be requested by a separate motion. *See* Fed. R. Civ. P. 11.

Cooke asserts that Defendants included his social security number in public filings on the PACER system in document number 9-2, on pages thirty-six and sixty-three, filed on April 24, 2015. (Pl.'s Sur-Reply Br. 2, ECF No. 13.) Defendants deny, to the best of their knowledge, that these personal identifiers were ever filed on the PACER system:

> There was an oversight in that a hard copy of the exhibits to Plaintiff may have not redacted such items. However, the items filed with the Court through the Pacer System, through the Clerk's Office, have the items redacted, and to the best of Defendants' knowledge there are no such items in the materials on file with the Court that have such items disclosed.

(Defs.' Reply Br. 1, ECF No. 11.) The Courtesy Copy the Court received from Defendants of their motion to vacate with supporting exhibits included the PACER header, showing the documents were filed, and did not have Cooke's social security number redacted. The Court is also troubled that, as the docket indicates, document number 9-2 was replaced on May 7, 2015 and May 8, 2015. Due to these inconsistencies in Defendants' characterization of the events, the Court will allow Cooke to file a separate motion for sanctions pursuant to Rule 11. Just because the Court is allowing the filing of such motion, however, does not mean the Court will grant the motion and issue sanctions.

## V. Conclusion

For the reasons set forth above, Cooke's motion for default judgment is denied, and Defendants' motion to vacate and set aside the entry of default is granted. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

**Dated:** November 24, 2015