**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JUSTIN COOKE,

        Plaintiff,

v.

BOROUGH OF KEANSBURG, et al.,

        Defendants.

Civil Action No. 14-6798 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on two motions. Plaintiff Justin Cooke ("Cooke"), proceeding pro se, moves for sanctions against Richard Cushing, counsel for Defendants, and Defendants Borough of Keansburg, Borough of Keansburg Police Department, Keansburg Police Department Street Crimes Unit, Keansburg Municipal Court, James Pigott, Christopher Rogan, Jason Lopez, Joseph Pennacchia, Gerald Massell, Michael Pugliese, and Thomas Foley ("Defendants") pursuant to Rule 11 and Rule 5.2 of the Federal Rules of Civil Procedure. (ECF No. 20.) Defendants opposed Cooke's motion. (ECF No. 21.) Additionally, Defendants move to dismiss Cooke's Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or alternatively for abstention. (ECF No. 19.) Cooke opposed Defendants' motion (ECF No. 22), Defendants replied (ECF No. 24), and Cooke submitted an improper sur-reply[1] (ECF No. 25). The Court has carefully considered the parties' submissions

---

[1] Per Local Civil Rule 7.1(d)(6), sur-replies are not permitted unless leave is granted by the Judge to whom the case is assigned. It is in the Court's discretion to disregard any sur-reply submitted without the permission of the Court, and permission is generally denied where the record and prior submissions are deemed sufficient. Cooke did not seek permission, and the Court did not give

and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Cooke's motion for sanctions is denied and Defendants' motion to dismiss is granted.

I. **Background**

This is an action for civil rights violations arising from a May 8, 2014, interaction between Cooke and police officers from the Borough of Keansburg Police Department. According to Cooke's allegations, Officers Christopher Rogan and Jason Lopez (collectively, the "Officers") stopped him and a friend when they were crossing a street to attend a birthday party at a friend's house. (Compl. ¶¶ 15-17, ECF No. 1.) Cooke alleges that the Officers Rogan and Lopez informed him he was not free to leave and was being stopped on suspicion of arson and narcotics trafficking. (*Id.* ¶¶17-18.) Cooke further alleges that because Cooke had dreadlocks, Officer Lopez believed he was in possession of marijuana. (*Id.*) Cooke informed the Officers that he would not consent to a search and would not answer any questions without a lawyer. (*Id.* ¶ 19.) Cooke alleges that Officer Rogan proceeded to search him and removed "an item alleged to be a glass smoking pipe and 0.77 grams of marijuana." (*Id.* ¶ 21.) In response, Cooke presented the Officers with his Colorado Driver's License and Colorado Medical Marijuana Patient License; Cooke was placed under arrest, transported to the Borough of Keansburg Police Department; charged with Possession of Marijuana under 50 grams, N.J.S.A. 2C:35-10A(4), and Possession of Drug Paraphernalia, N.J.S.A. 2C:36-2; and issued a traffic summons for Walking in Roadway, N.J.S.A. 39:4-34. (*Id.* ¶¶ 22, 24.) Cooke further alleges that despite appearing before Municipal Judge Michael Pugliese and Prosecutor Gerald Massell and pleading not guilty to all charges and seeking their dismissal,

---

permission for this document to be filed. Furthermore, this submission is not necessary as the prior record before the Court is sufficient to decide the motions. Thus, the Court will not consider it.

"Massell and Pugliese have conspired to violate Cooke's rights by refusing to dismiss the case." (*Id.* ¶ 27.)

Cooke brings seven counts against Defendants: (1) Violation of 42 U.S.C. § 1983: Arrest; (2) Violation of 42 U.S.C. § 1983: Equal Protection; (3) Violation of 42 U.S.C. § 1983: Right to Travel; (4) Violation of 42 U.S.C. § 1983: Full Faith and Credit Clause; (5) Violation of 42 U.S.C. § 1983: Due Process Clause; (6) Violation of 42 U.S.C. § 1983: Commerce Clause; and (7) Violation of 42 U.S.C. § 1985: Conspiracy to Impede, Hinder, Obstruct, or Defeat the Due Course of Justice. (*See generally* Compl.) Cooke seeks "injunctive and declaratory relief that the policies, practices and/or customs [as described in the Complaint] violate the Fourth and Fourteenth Amendments and an injunction disbanding the Street Crimes Unit of the Keansburg Police Police [sic] Department and enjoining Defendants from continuing such unconstitutional policies, practices and/or customs." (*Id.* at 2.) Cooke further seeks compensatory and punitive damages. (*Id.*)

On February 27, 2015, the United States Marshals Service effected service on all Defendants. (ECF No. 6-1.) On March 24, 2015, Cooke requested that the Clerk enter default against Defendants for failing to plead or otherwise defend the action pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (ECF No. 6.) The Clerk entered default against all Defendants on the same date. Cooke filed a motion for default judgment (ECF No. 7), and the following day Defendants filed their motion to vacate default (ECF No. 9). Cooke opposed Defendants' motion and requested sanctions for Defendants' violation of Local Civil Rule 5.2. On November 24, 2015, this Court denied Cooke's motion for default judgment and granted Defendants' motion to vacate and set aside the entry of default. The Court, however, stated that "Plaintiff may file within fourteen (14) days of the date of this Order a motion for sanctions pursuant to Rule 11 of the

3

Federal Rules of Civil Procedure." (Nov. 24, 2015 Or. 2, ECF No. 17.) In its November 24, 2015 Opinion, this Court stated:

> Defendants deny, to the best of their knowledge, that these personal identifiers were ever filed on the PACER system . . . . The Courtesy Copy the Court received from Defendants of their motion to vacate with supporting exhibits included the PACER header, showing the documents were filed, and did not have Cooke's social security number redacted. The Court is also troubled that, as the docket indicates, document number 9-2 was replaced on May 7, 2015 and May 8, 2015. Due to these inconsistencies in Defendants' characterization of the events, the Court will allow Cooke to file a separate motion for sanctions pursuant to Rule 11. Just because the Court is allowing the filing of such motion, however, does not mean the Court will grant the motion and issue sanctions.

(Nov. 24, 2015 Op. 7-8, ECF No. 16.)

## II. Cooke's Motion for Sanctions

Cooke now moves for sanctions against Defendants and their attorney for violating Rule 5.2 and for misrepresenting this violation in their reply brief to their motion to set aside and vacate default.[2] Cooke asserts that Defendants included his social security number in public filings on the PACER system in document number 9-2, on pages thirty-six and sixty-three, filed on April 24, 2015. (Pl.'s Moving Sanctions Br. 4, ECF No. 20.) Cooke additionally argues that following the Rule 5.2 violation, "instead of simply admitting wrongdoing, Richard Cushing and Defendants decided to lie to a Federal Court." (*Id.*) Cooke seeks "an award of reasonable expenses" and "an award to cover a lifetime of credit monitoring and identity theft protection services." (*Id.* at 3.)

In response, Defendants state that there was a misunderstanding between counsel and staff at defense counsel's office, and the attorney working on the matter was under the impression that

---

[2] Cooke's motion for sanctions was received by the Clerk's Office on December 10, 2015, sixteen days after this Court's Order. The Court, however, will excuse the two day delay in filing the motion and reach the merits.

4

the Clerk's Office initially caught the mistake and did not enter the original documents onto the electronic system until redacted copies were provided. (Defs.' Opp'n Sanction Br. 2-3, ECF No. 21.) Furthermore, counsel for Defendants has taken full responsibility for the oversight and misunderstanding that occurred in his office and has apologized to both Cooke and the Court. (Verification of Richard P. Cushing ¶¶ 4-5, ECF No. 21-1.)

Rule 5.2 of the Federal Rules of Civil Procedure requires that in any filing, electronic or paper, a party may include only "the last four digits of the social-security number." Fed. R. Civ. P. 5.2(a)(1). Additionally, Local Civil Rule 5.2 requires that all parties adhere to the procedures promulgated by this District when electronically filing documents. L. Civ. R. 5.2. This District's Electronic Case Filing Policies and Procedures specifically states:

> As the public may access case information through the PACER system, sensitive information should not be included in any document filed unless the Court orders otherwise. As required under Federal Rule of Civil Procedure 5.2(a) . . . when making any electronic or Paper Filing with the Court that contains an individual's Social-Security number . . . a party or nonparty making the filing may include only . . . the last four digits of the Social-Security number.

L. Civ. R. 5.2(17). Parties are expressly cautioned within the Local Civil Rules "that failure to redact personal identifiers in a document filed with the Court may subject them to the full disciplinary and remedial power of the Court, including sanctions pursuant to Federal Rule of Civil Procedure 11." *Id.*

Here, the Court does not find sanctions warranted. Counsel for Defendants improperly included personal identifiers in a document filed with the Court. However, upon learning of the mistake, counsel quickly worked with the Court to rectify the problem. Counsel now asserts that the statements made in the reply brief were a result of a miscommunication and misunderstanding between the attorneys and assistant within counsel's office and do not rise to the level of

exceptional circumstances that warrant sanctions. The Court agrees with Defendants and denies Cooke's motion for sanctions. In the future, however, counsel should file all documents in compliance with Local Civil Rule 5.2(17). Failure to do so in the future may result in the imposition of sanctions.

### III. Defendants' Motion to Dismiss

Defendants move to dismiss Cooke's Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for abstention.

Federal district courts have a "virtually unflagging" obligation to adjudicate a claim within its jurisdiction. *See Deakins v. Monaghan*, 484 U.S. 193, 203 (1988). The doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), however, forbids federal court interference in pending state criminal proceedings. In *Younger*, the Supreme Court held that principles of equity and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances. *See Samuels v. Mackell*, 401 U.S. 66, 69-73 (1971); *see also Feingold v. Office of Disciplinary Counsel*, 487 F. App'x 743, 744 (3d Cir. 2012) (quoting *Gwynedd Props., Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1199 (3d Cir. 1992)) ("The *Younger* abstention doctrine 'reflects a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.'"). The Third Circuit has adopted a three-part test that must be satisfied prior to application of the abstention doctrine. *Pappas v. Twp. of Galloway*, 565 F. Supp. 2d 581, 588 (D.N.J. 2008). The Court may abstain under *Younger* only where: (1) there is an ongoing state proceeding, which is judicial in nature; (2) the state proceeding implicates important state interests; and (3) the state proceeding affords an adequate opportunity

to raise the claims. *See O'Neill v. City of Phila.*, 32 F.3d 785, 789 (3d Cir. 1994), *cert. denied*, 514 U.S. 1015 (1995).

Here, all three *Younger* criteria are met. First, Cooke's § 1983 and § 1985 claims all stem from his pending criminal charges in Keansburg Municipal Court. Second, in this action Cooke is attempting to raise issues concerning the validity of his arrest and current prosecution. As such, this proceeding clearly implicates important state interests. Third, the state proceeding affords Cooke an adequate opportunity to raise his federal law issues, such as his claim that the search and seizure was undertaken without probable cause and his defense to the charges based on his Colorado Medical Marijuana Patient License. Cooke argues that the state municipal court will not hear his arguments "regarding constitutionality of a law" because it is a court of limited jurisdiction. Although Cooke is correct that municipal courts in the State of New Jersey are inferior courts of limited jurisdiction, Cooke has not sought through his Complaint a finding that any New Jersey, Colorado, or Federal law is unconstitutional. Furthermore, the challenges Cooke does make in his Complaint regarding the alleged search and seizure without probable cause that resulted in his pending criminal charges and his defense that he has a Colorado Medical Marijuana Patient License are issues that he can litigate in the municipal court or on appeal before the Superior Court of New Jersey. Additionally, Cooke's opposition brief makes clear that the relief he is seeking through this civil suit is an end to the state criminal prosecution: "If the Keansburg [sic] is offering to accept the validity of Cooke's Medical Marijuana card, they should just make this easy by dropping the municipal case, cutting a settlement check, and saying they are very sorry to Justin Cooke for their bad behavior and they are purging the employees involved in such acts of domestic terrorism towards the sick (similar to KKK-Police conspiracies against civil rights activists in the Southern United States)." (Pl.'s Opp'n Br. 3, ECF No. 22.)

When all three of these factors are met, abstention is proper unless "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute, such that deference to the state proceeding will present a significant immediate potential for irreparable harm to the federal interests asserted." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). These exceptions are to be narrowly construed. *See Loftus v. Township of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991). Cooke, however, has not asserted any circumstances that would bring this matter within either of the narrow exceptions to the *Younger* doctrine.[3]

Furthermore, Cooke seeks injunctive relief that would clearly interfere with the pending state criminal proceeding. Additionally, Cooke seeks to recover monetary relief in the form of compensatory and punitive damages. The Third Circuit has recognized that claims for damages which would imply the invalidity of a conviction on pending criminal charges are not cognizable. *See Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996); *see also Cade v. Newman*, 422 F. Supp. 2d 463, 467 (D.N.J. 2006) ("The application of the *Younger* doctrine of federal non-intrusion in the state criminal process, along with the principle that constitutional issues relevant to the disposition of pending state criminal charges cannot be adjudicated in a federal civil rights damage action,

---

[3] Additionally, even if the Court were to construe Cooke's arguments as asserting that extraordinary circumstances exist here that present a significant immediate potential for irreparable harm to his federal interests, the Court finds those arguments unconvincing. Cooke is essentially asking this Court to find that his possession and use of marijuana for medical reasons was legal, and his current state criminal prosecution for such is unconstitutional. The United States Supreme Court, however, has upheld the constitutionality of the Controlled Substances Act ("CSA") which criminalizes the manufacture, distribution, or possession of marijuana for medical marijuana users. *Gonzales v. Raich*, 545 U.S. 1, 22 (2005). Even though some states, including New Jersey and Colorado, have legalized the medical use of marijuana, federal law does not recognize or protect medicinal marijuana possession or use. Therefore, Cooke has not established what federal interest is at stake to dissuade this Court from abstaining.

8

necessitates dismissal of Plaintiff's claim."). Accordingly, Defendants' motion to dismiss on the basis of *Younger* abstention is granted, and Cooke's Complaint is dismissed without prejudice.

### IV.  Conclusion

For the reasons set forth above, Defendants' motion to dismiss Cooke's Complaint is granted. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: February 26th, 2016